UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMERCIAL SEWING, INC., <br><br> Plaintiff, <br><br> v. <br><br> Super ATV, LLC, <br><br> Defendant. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Commercial Sewing, Inc., does hereby, through its attorneys, allege as follows:

## THE PARTIES

1.  Plaintiff Commercial Sewing, Inc. (hereinafter "CSI"), is a corporation organized and existing under the laws of Connecticut, with a principal place of business at 165 Grant Street, Torrington, Connecticut 06790.

2.  Upon information and belief, Defendant Super ATV, LLC ("Super ATV) is a limited liability company organized under the laws of Indiana, with its principal place of business at 740 B Clifty Drive, Madison, Indiana 47250.

## JURISDICTION

3.  This is a civil action for trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, trade dress infringement under Connecticut common law, and violation of the Connecticut Unfair Trade Practices Act. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the Connecticut statutory and common law claims.

4.	This Court has personal jurisdiction over Defendant, and Defendant comes within the scope of the Connecticut long-arm statute, Conn. Gen. Stat. § 52-59b, because, upon information and belief and among other things, Defendant is transacting business within this judicial district, and has committed tortious acts causing injury within this judicial district, including acts of infringement which are in part the subject matter of this Complaint.

## VENUE

5.	Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

6.	Plaintiff CSI is a leading manufacturer of products for the power sports and marine industries, including covers and accessories for snowmobiles, personal watercraft, boats, motorcycles, and ATVs.

7.	CSI has enjoyed extraordinary success in designing, developing and marketing its innovative products.  CSI has spent large sums of money in designing its distinctive, uniquely-marked, high-quality power sports and marine products and accessories and all products are manufactured under strict quality controls.

8.	For over fifteen years, CSI has manufactured and sold innovative and highly successful cab enclosures custom designed to fit various UTV models, including for the Polaris RZR UTV (hereinafter "CSI UTV Doors").

9.	CSI is the owner of the trade dress in its UTV Doors, including, but not limited to, the distinctive shape and frame which determines the overall look, distinctive fabric patterns and cuts, the shape of the windows including CSI's distinct "step down" at the center of the window, the shape, look, and finish of the door handle including a rounded ribbed design on the handle

itself and stacked circle design of the cup, as well as other features including the combination of the individual elements as shown below (hereinafter "the CSI trade dress").





10. As shown above, CSI's UTV Door design represents a novel and striking ornamental configuration for a cab enclosure.

11. CSI has invested considerable money in promoting its UTV Doors, including then valuable CSI trade dress associated therewith.

3

12. As a result of CSI's enormous investment in the design, development, marketing and promotion of its distinctively designed UTV Doors bearing the CSI trade dress, CSI's UTV Doors embodying this trade dress are inherently distinctive and/or have become recognizable to the consuming public as CSI's products.

13. The CSI trade dress has achieved secondary meaning in the marketplace as an indicator of CSI as the source of UTV doors bearing this trade dress.

14. As shown below, at least Super ATV's door for the Polaris RZR UTV (hereinafter the "infringing door") infringes CSI's valuable trade dress by causing consumers to confuse the Super ATV door with the authentic CSI UTV Door.

**CSI UTV Door**                    **Super ATV Door**

  

15. The infringing door is a slavish copy of the authentic CSI UTV Door in at least the following respects:

- Identical frame shape and design – the overall shape and form of the CSI UTV Door frame has been copied.

4

- Identical fabric pieces – each individual fabric piece of the infringing door matches each corresponding fabric piece of the authentic CSI UTV Door. For example, Super ATV has copied the distinctive cut-out on the inside of the CSI UTV Door.

- Identical window shape – the upper window has been reproduced exactly, including the distinctive CSI "step down" at the center of the bottom of the window.

- Identical handle shape – the infringing door includes an exact replica of the CSI handle, copying the rounded ribbed design of the handle itself and the stacked circle design of the cup.

16. The infringing door is so visually similar to the CSI UTV Door shown above that the sale thereof is likely to, and is intended to, cause confusion among purchasers and deceive the public into purchasing the infringing door while believing they are the product of, or associated with, CSI.

17. Upon information and belief, the infringing doors are inferior in quality to CSI's UTV Doors, and the sale thereof has and will continue to damage and dilute the goodwill that CSI has developed in connection with the sale of its legitimate, high-quality cab enclosures for UTVs.

18. The unlawful activities of Super ATV result in irreparable harm and injury to CSI. Among other harms, these activities deprive CSI of its absolute right to determine the manner in which its image is presented to the general public through merchandising, deceive the public as to the origin and sponsorship of the infringing doors, and wrongfully trade upon CSI's reputation and exclusive rights in its trade dress.

19. By misappropriating and using the CSI trade dress, Super ATV has misrepresented and falsely described the origin and source of at least the door for the Polaris RZR UTV so as to deliberately create a likelihood of confusion and deceive the public into believing the infringing doors are manufactured, distributed, sold, authorized by, or associated with CSI, all to Super ATV's profit and CSI's irreparable damage and injury.

20. Given the similarity between the overall commercial impression of CSI's UTV Door and the infringing door, the sale by Super ATV of its infringing doors constitutes false designations of origin and false descriptions and representations to the consuming public.

21. CSI has suffered injury by Super ATV's infringement of CSI's trade dress, including harm to CSI's good will and reputation in the power sports and marine markets.

## COUNT I
### (Infringement of CSI's Trade Dress Under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)))

22. CSI repeats and realleges paragraphs 1-21, above, as though fully set forth herein.

23. Super ATV infringes and will continue to infringe CSI's UTV Door trade dress by, among other activities, offering to sell or selling its infringing door for the Polaris RXR UTV, under § 43(a) of the federal Lanham Act.  15 U.S.C. § 1125(a)

24. As shown above, Super ATV's slavish copying of the CSI's trade dress will cause consumers to mistakenly identify Super ATV's door as sponsored by or otherwise affiliated with CSI's Door for the Polaris RZR UTV.

25. CSI has been irreparably harmed to an extent not yet determined by Super ATV's infringement, and will continue to be irreparably harmed in the future unless Super ATV is enjoined from its activities by this Court.

## COUNT II
### (Infringement of CSI's Trade Dress Under Connecticut Common Law)

26. CSI repeats and realleges paragraphs 1-25, above, as though fully set forth herein.

27. Super ATV infringes and will continue to infringe CSI's UTV Door trade dress by, among other activities, offering to sell or selling its infringing door for the Polaris RZR UTV under the common law of the State of Connecticut.

28. As shown above, Super ATV's slavish copying of the CSI trade dress will cause consumers to mistakenly identify Super ATV's door as sponsored by or otherwise affiliated with CSI's Door for the Polaris RZR UTV.

29. CSI has been irreparably harmed to an extent not yet determined by Super ATV's infringement, and will continue to be irreparably harmed in the future unless Super ATV is enjoined from its activities by this Court.

## COUNT III
### (Violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Con. Gen. Stat. §42-110a *et seq.*)

30. CSI repeats and realleges paragraphs 1-29, above, as though fully set forth herein.

31. Super ATV has violated CUTPA by, among other activities, offering to sell or selling its infringing door for the Polaris RZR UTV in the State of Connecticut.

32. As shown above, Super ATV's copying of the CSI trade dress will cause consumers to mistakenly identify Super ATV's door as sponsored by or otherwise affiliated with CSI's Door for the Polaris RZR UTV.

33. CSI has been irreparably harmed to an extent not yet determined by Super ATV's infringement, and will continue to be irreparably harmed in the future unless Super ATV is enjoined from its activities by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, CSI respectfully asks this Court to enter judgment against Super ATV and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Super ATV, granting the following relief:

A. The entry of judgment in favor of CSI and against Super ATV;

B. A permanent injunction prohibiting further infringement of CSI's trade dress;

C. An award of damages adequate to compensate CSI for Super ATV's infringement of the CSI trade dress as provided in 15 U.S.C. § 1117(a);

D. Award CSI treble damages and its attorney's fees as provided in 15 U.S.C. § 1117(a);

E. An award of punitive damages for Super ATV's infringement of the CSI trade dress;

F. Find that Super ATV has violated CUTPA, Conn. Gen. Stat. §42-110a, *et seq.*;

G. A permanent injunction prohibiting further violation of CUTPA, Conn. Gen. Stat. §42-110a, *et seq.*;

H. Award damages to CSI in an amount yet to be determined, including damages arising out of Super ATV's acts of infringement and unfair competition, pursuant to CUTPA, Conn. Gen. Stat. §42-110g;

I. Award CSI punitive damages and its costs and attorney's fees as provided under CUTPA, Conn. Gen. Stat. §42-110g; and

J. Such other relief to which CSI is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## **DEMAND FOR JURY TRIAL**

CSI demands a trial by jury on all issues so triable.

Dated: May 26, 2016

Respectfully submitted,

/s/ Andrew C. Ryan_____
Andrew C. Ryan (ct21565)
ryan@cantorcolburn.com
Tasia E. Hansen (ct29498)
thansen@cantorcolburn.com
**CANTOR COLBURN LLP**
20 Church Street, 22nd Floor
Hartford, CT 06103
Tel: (860) 286-2929
Fax: (860) 286-0115

**ATTORNEYS FOR PLAINTIFF
COMMERCIAL SEWING, INC.**